UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

COMMONWEALTH OF KENTUCKY,

    Plaintiff,

V.

KENNETH MOBLEY,

    Defendant.

Civil Action No. 5: 21-21-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Kenneth Mobley is an inmate currently confined at the Fayette County Detention Center. The Kentucky Court of Justice's online docket database[1] indicates that Mobley is a defendant in criminal proceedings in Fayette, Jefferson, and Jessamine County, Kentucky.  Mobley has filed a Notice of Removal "of Case # 20-F-278 from Fayette County Circuit Court in Lexington, Ky." [R. 1]  This matter will be dismissed and the case remanded for the reasons explained below.

In his Notice, Mobley asserts that he may remove the state criminal proceedings against him to this Court pursuant to 28 U.S.C. §§ 1443, 1455.  Mobley's 20-page handwritten Notice lacks a coherent narrative and can be hard to follow, but at bottom he contends that his still-pending criminal prosecution in the Fayette Circuit Court has been replete with violations of his constitutional rights.  For instance, he asserts that the trial judge permitted violations of unidentified provisions of state and federal law during grand jury and pretrial proceedings, complains that his bond is excessive, alleges that testimony that has been (or will be) given is perjured, and complains about the conditions of his confinement at the jail.  Mobley periodically

---

[1]  See https://kcoj.kycourts.net/CourtNet/Search/Index (visited January 21, 2021).

asserts in his Notice that certain acts of the state court judge and by jail officials reflect or amount to racism.

The Court will dismiss this action on both procedural and substantive grounds.  First, Mobley may not file documents (including his Notice of Removal) *pro se* because he is represented by counsel in the state criminal prosecution he is attempting to remove.[2]  While a litigant may proceed *pro se* or through representation by counsel, he may not take a middle path, picking certain issues or matters to litigate himself while leaving others to appointed counsel; there is no right to such "hybrid" representation.  *Cf. Antonmarchi v. Consol. Edison Co. of New York*, 678 F. Supp. 2d 235, 240 (S.D.N.Y. 2010) (citing 28 U.S.C. § 1654).

Second, even if Mobley were entitled to file a Notice of Removal on his own behalf, he failed to comply with the procedural requirements of 28 U.S.C. § 1455.  A state criminal prosecution may be removed by filing a notice of removal within thirty days after arraignment which contains a short and plain statement of the grounds for removal, and must include a copy of the entire state court record.  28 U.S.C. § 1455.  Mobley's Notice of Removal is ineffective because he references a non-existent case:  Mobley's Notice purports to remove "Case # 20-F-278 from Fayette County Circuit Court in Lexington, Ky[,]" but that case number refers to a felony matter pending against him in the District Court in Jessamine County.[3]  Mobley also acknowledges that

---

[2] *See Commonwealth v. Mobley*, No. 20-F-00278 (Jessamine Dist. Ct. 2020) (docket available online at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=057&court=1&division=DI&caseNumber=20-F-00278&caseTypeCode=FE&client_id=0 (visited on January 21, 2021); *Commonwealth v. Mobley*, No. 20-CR-00953 (Fayette Circuit Ct. 2020) (docket available online at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=CI&caseNumber=20-CR-00953&caseTypeCode=CR&client_id=0 (visited on January 21, 2021).

[3] See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=057&court=1&division=DI&caseNumber =20-F-00278&caseTypeCode=FE&client_id=0 (visited January 21, 2021).

he failed to file a complete copy of the state court proceedings as required by Section 1455(a). Most importantly, Mobley's attempt at removal comes far too late: Mobley was arraigned on the state charges several months ago, and he alleges no facts sufficient to constitute good cause for his failure to remove the case within thirty days after arraignment as required by the statute. These defects alone warrant remand. *Bey v. Calle*, No. 13-CV150-TCK, 2013 WL 1788431, at \*1 (N.D. Okla. April 26, 2013) (*citing Zamora v.. Wells Fargo Home Mtg.*, 831 F. Supp. 2d 1284, 1295 (D.N.M. 2011)). Where it is plain from the notice that removal is not proper, the district court should summarily remand the action. 28 U.S.C. § 1455(a), (b); *New York v. Smith*, 494 F. App'x 138, 139 (2d Cir. 2012) (holding that state criminal defendant's failure to comply with procedural requirements for removal under § 1455(a) deprived federal court of subject matter jurisdiction over proceeding, requiring remand).

Apart from these procedural shortcomings, Mobley's attempt at removal is substantively unsound. Federal law permits a defendant in a state criminal proceeding to remove the case to federal court, but only under narrow circumstances:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1)   Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2)   For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Removal under subsection (2) is not appropriate because "the history of § 1443(2) demonstrates convincingly that this subsection of the removal statute is available only to federal officers and to persons assisting such officers in the performance of their official duties."

3

*City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 815 (1966). Mobley plainly does not qualify. *Pennsylvania v. Randolph*, 464 F. App'x 46, 47 (3d Cir. 2012); *Cooke v. Mwonyonyi*, 869 F. 2d 1489, 1989 WL 15969, at *2 (6th Cir. 1989).

Nor is removal proper under § 1443(1). It is not enough for a defendant to allege that he has been denied or cannot enforce his constitutional rights in the courts of the state; instead, he must allege that he is being deprived of rights guaranteed by a federal law "providing for specific civil rights stated in terms of racial equality." *State of Georgia v. Rachel*, 384 U.S. 780, 788 (1966) (internal citations and quotations omitted). The holding in *Rachel* "clarified that 'laws providing for equal civil rights' are limited to those 'rights specifically defined in terms of racial equality.' More general sources of equality rights, like the Due Process Clause, or rights framed in nonracial terms do not suffice." *Fenton v. Dudley*, 761 F. 3d 770, 773 (7th Cir. 2014) (internal citations omitted). See also *South Carolina v. Grace*, 234 F. App'x 103, 104 (4th Cir. 2007) ("Removal is limited to rare situations in which a defendant has been denied or cannot enforce the right to racial equality in the state courts.").

Here, Mobley's sporadic and non-specific allegations of racist behavior are wholly insufficient. The Supreme Court has expressly held that because state courts are presumed ready and willing to vindicate federal and constitutional rights, removal is permitted under § 1443(1) only "in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial." *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). As the Ninth Circuit has explained, a petitioner:

> must assert that the state courts will not enforce [a federal] right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. Bad experiences with the particular court in question will not suffice.

*Hawaii v. Macomber*, 40 F. App'x 499, 500 (9th Cir. 2002) (quoting *California v. Sandoval*, 434 F. 2d 635, 636 (9th Cir. 1971) (*per curiam*)).  Because Mobley's allegations constitute only the kind of "broad contentions" held insufficient in *Rachel*, the matter must be summarily dismissed. *Cf. Salinas v. Commonwealth*, No. 20-36-DLB, 2020 WL 609289 (E.D. Ky. Feb. 7, 2020), *aff'd*, No. 20-5451 (6th Cir. Nov. 17, 2020).

Accordingly, is **ORDERED** as follows:

1.      This action is **REMANDED** to the Circuit Court of Fayette County, Kentucky.

2.      The Clerk of the Court shall **FORWARD** a certified copy of this Memorandum Opinion and Order and its accompanying Judgment to the Clerk of the Circuit Court of Fayette County, Kentucky, referencing *Commonwealth v. Mobley*, No. 20-CR-00953 (Fayette Cir. Ct. 2020).

3.      The Circuit Court of Fayette County, Kentucky may proceed unimpeded by the Notice of Removal filed by Kenneth Mobley.

4.      Mobley's "Petition for Writ of Certiorari" [R. 4] and "Motion for Legal Representation ..." [R. 5] are **DENIED**.

5.      This matter is **DISMISSED** and **STRICKEN** from the docket of the Court.

Dated January 25, 2021



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY